IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>MELGAREJO, et al.,<br><br>Defendants. | No. 2:18-CV-3019-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (ECF No. 26) in which plaintiff requests the court order the California Department of Corrections and Rehabilitation (CDCR) to return his legal property.[1]

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

---

[1] Plaintiff's motion also seeks an extension of time to file a second amended complaint. By separate order issued on September 24, 2019, that motion has been granted. See ECF No. 27.

1

controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In this case, plaintiff seeks an order directing CDCR to return his legal property. The court finds issuance of such an order is not appropriate for two reasons. First, plaintiff has not demonstrated the likelihood of irreparable injury absent an order for return of his legal property. In this regard, the court notes plaintiff does not describe the nature of the legal property at issue or why he cannot proceed at this stage of the litigation without it. Second, CDCR is not a party to this action.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECCF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 3, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2