IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>MELGAREJO et al.,<br><br>Defendants. | No. 2:18-CV-3019-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' motion for summary judgment. ECF No. 48. The motion for summary judgment covers only three of the five defendants in this case: Dr. John Baker, Pamela Johansen, and Darryl Hickerson. Id. The motion does not apply to Defendants Sonia Melgarejo or Loren Bouldin. See id. Defendants Melgarejo and Bouldin filed a statement of non-opposition indicated that they do not oppose granting the motion. ECF No. 49. Plaintiff, however, does oppose the motion. ECF Nos. 52, 54, 56.

Broadly, Defendants contend that summary judgment is appropriate because Plaintiff refused medical care and because they, as medical staff, are not responsible for the cell conditions Plaintiff complains of. ECF No. 48. The Court concludes that Defendants have failed to establish the absence of a genuine dispute of material fact. The undersigned United States Magistrate Judge recommends that the District Court deny the motion for summary judgment.

## I. PLAINTIFF'S CLAIMS

Plaintiff was a pretrial detainee at Glenn County Jail (GCJ). See ECF No. 10 at 1, 5. He names five defendants: (1) Sergeant Sonia Melgarejo, a correctional officer at GCJ; (2) Lieutenant Loren Bouldin, a correctional officer at GCJ; (3) Dr. John Baker, a physician at GCJ; (4) Pamela Johansen, a social worker at GCJ; and (5) Darryl Hickerson, a nurse at GCJ. ECF Nos. 10 at 3–4; 48 at 1. Plaintiff contends that Defendants violated his rights under the Eighth and Fourteenth Amendments. ECF No. 10 at 10.

Around October 2017, while detained in GCJ, Plaintiff allegedly experienced suicidal and homicidal thoughts. Id. at 5, 8. GCJ officials placed Plaintiff in a safety cell. Id. He stayed there for about twelve days. See id. Plaintiff's living conditions were allegedly unhygienic for the entire time. See id. He had no mattress and had to sleep on the ground. Id. Plaintiff was never able to shower, brush his teeth, wear deodorant, or wash his hands before eating or after defecating. Id. The cell lacked a toilet altogether. See id. at 6, 9. Plaintiff was forced to squat in the nude and defecate in a hole in the ground. Id. Prison staff, including female staff, observed Plaintiff via a surveillance camera, including while he defecated. Id.

Plaintiff asked Defendants for help. Id. He allegedly asked them all for a shower, the ability to brush his teeth and wash his hands, and for a mattress. Id. Melgarejo denied Plaintiff's requests first, stating that the requested accommodations violated policy. Id. When Plaintiff asked Melgarejo for removal of the security camera, she denied that request too. Id. The medical staff defendants denied Plaintiff's requests next. Id. at 6–7, 10. Dr. Baker, Johansen, and Hickerson all denied Plaintiff's hygiene-related requests. Id.

Plaintiff contends that Defendants, in denying his requests, subjected him to cruel and unusual punishment contrary to the Eighth Amendment. Id. at 5–7. For the same reasons, Plaintiff argues that Defendants violated his Fourteenth Amendment rights. See id. at 8–10. In Plaintiff's view, Lieutenant Bouldin, who is not subject to the present motion for summary judgment, shares liability here because he is responsible for GCJ's policies, including policies that allegedly inhibited Plaintiff's access to basic sanitation while he was in the safety cell. ECF No. 10 at 7, 10.

## II. THE PARTIES' EVIDENCE

**A. Local Rule 260:**

Local Rule 260 requires motions for summary judgment to include a separate Statement of Undisputed Facts. L.R. 260(a). Each Statement must enumerate each material fact relied upon in the motion and cite to any document—for example, a deposition—establishing that fact. Id. Parties opposing summary judgment must reproduce the Statement and admit facts that are undisputed and deny those that are disputed. See L.R. 260(b). The opposing party must include with each denial a citation to any document supporting the denial. Id. Opposing parties may include a Statements of Disputed Facts listing material facts over which there is a genuine dispute. Id.

Defendants properly included a Statement of Undisputed Facts alongside their motion for summary judgment. ECF No. 48-2. Plaintiff did not exactly reproduce Defendants' Statement. ECF No. 56. He did, however, include an extensive list of facts that he admits and disputes as part of his opposition Defendants' motion for summary judgment. See id. at 2–6. Plaintiff's submissions are a good-faith, sufficient effort to comply with Rule 260.

**B. Defendants' Evidence and Statement of Undisputed Facts:**

Defendants' Statement of Undisputed Facts contains only one fact. ECF No. 48-2. Defendants support their Statement with Defendant Hickerson's declaration. Id.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 1. During the time that Plaintiff was incarcerated in the Safety Cell at Glenn County Jail from l0/l1/17–10/23/17, Plaintiff refused to cooperate with the medical and mental health staff as efforts were made to assess the condition of Plaintiff. | 1. Declaration of Darryl Hickerson, p. 4, lines 1-28, 13-28, Exs. 2 and 3; p. 4, lines 1-28, Ex 3, p.5, lines 2-20. |

Defendants include additional facts in their motion. See ECF No. 48-1 at 2–5. First, Defendants contend that Plaintiff admits that they have no responsibility for GCJ's policies regarding the safety cell; rather, Defendants are responsible for inmates' medical care. Id. at 2–3. Policies regarding the safety cell are the responsibility of custodial staff. See id.

Second, Defendants recite numerous instances in which Plaintiff declined medical or mental health care or was uncooperative in receiving care. ECF No. 48 at 3–5. For example, when Johansen attempted to talk to Plaintiff in mid-October, Plaintiff refused to speak with her or

1   the psychiatrist, Dr. Baker. Id. at 3–4. On other occasions, Plaintiff refused to allow medical staff
2   to check his vitals. Id. at 4. Defendants' motion emphasizes noncooperation. See id. at 3–12.
3   　　　　　　Third, Plaintiff filed grievances challenging the conditions alleged in his complaint.
4   Id. at 3, 5; ECF No. 48-3, Hickerson Decl. at 2:17–3:27, 5:10–20. Custody staff responded to most
5   of the grievances because they complained of the conditions of the safety cell and not medical or
6   mental health treatment. See ECF Nos. 48-1 at 3, 5; 48-3, Hickerson Decl. 2:17–3:9, 5:10–20.
7   Defendant Hickerson responded to at least one grievance in which Plaintiff complained of the cell
8   conditions and a lack of help from medical and jail staff. ECF Nos. 48-1 at 3; 48-3, Hickerson Decl.
9   3:13–27. GCJ officials' responses to Plaintiff's grievances stated on multiple occasions that
10  Plaintiff needed to cooperate with medical staff. E.g., ECF Nos. 48-1 at 3, 5; 48-3, Hickerson Decl.
11  at 3:23–27, 5:19–20. Defendants note that Plaintiff complained of inadequate mental health
12  treatment in a grievance on at least one occasion. ECF No. 48-3, Hickerson Decl. at 3:15–22.

13  **C. Plaintiff's Opposition:**

14  　　　　　　Plaintiff, as indicated, did not specifically reproduce Defendants' Statement of
15  Undisputed Facts. Plaintiff filed three documents in opposition to the motion. ECF Nos. 52, 54, 56.
16  Plaintiff filed two declarations and a formal opposition. ECF Nos. 52, 54, 56. Defendants replied
17  to each one. See ECF Nos. 55, 57. The Court will consider those documents collectively.
18  　　　　　　In his two declarations, Plaintiff essentially reasserts his conditions of confinement
19  claims (e.g., that Defendants denied him the ability to wash his hands and brush his teeth). See ECF
20  Nos. 52, 54. The more pointed of Plaintiff's declarations argues that Defendants' motion,
21  particularly Defendants' list of facts concerning medical treatment, is irrelevant to his actual claims.
22  See ECF No. 52. Defendants, according to Plaintiff, assert allegations related to Plaintiff's receipt
23  and refusal of mental health treatment that are irrelevant to his conditions of confinement claims.
24  Id.
25  　　　　　　Similarly, in his opposition, Plaintiff *admits* most of the additional facts that
26  Defendants allege. ECF No. 56 at 2–4. Plaintiff concedes that he filed grievances, that at least one
27  of the grievances never went before medical staff, and that he largely refused medical care. Id.
28  However, Plaintiff again contends that the evidence that he admits to is irrelevant. Id. at 4.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). A fact is material if it might affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014). A dispute is genuine if there is sufficient evidence for a reasonable factfinder to resolve the issue in favor of the nonmoving party. E.g., Anderson, 477 U.S. at 248; Fresno Motors, 771 F.3d at 1125. At the summary judgment stage, the Court only determines whether there is a genuine issue for trial. Thomas v. Ponder, 611 F3d 1144, 1149 (9th Cir. 2010). The Court liberally construes a pro se prisoner plaintiff's filings. Id. at 1150

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. Id. at 323. A party demonstrates that summary judgment is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. On an issue for which the nonmoving party will have the burden of proof at trial, the moving party need only point out "an absence of evidence to support the nonmoving party's case." Id. at 325. A moving party may also produce evidence negating an essential element of the nonmoving party's claim or defense. E.g., Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the opposing party to present specific facts showing a genuine issue of a material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); see In re Oracle Sec. Litig., 627 F.3d 376, 387 (2010). An opposing party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. The "mere existence of

1 *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247–48 (emphasis in original).

In this regard, the opposing party must move beyond the pleadings through citations to the record—such as to affidavits, depositions, and admissions—and designate specific facts establishing a genuine issue for trial. Celotex, 477 U.S. at 324. The opposing party must show more than "the mere existence of a scintilla of evidence." Anderson, 477 U.S. at 252. A nonmoving party, however, is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Nevertheless, a "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

The Court may consider other materials in the record not cited by the parties, but it is not required to do so. See Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); see also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010). The Court need not dredge the record to establish an absence or presence of factual disputes when the evidence is not adequately set forth in opposing papers. See, e.g., Simmons, 609 F.3d at 1017; Carmen, 237 F.3d at 1031. The Court, furthermore, cannot engage in determinations of credibility or weighing of evidence. Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017). Nevertheless, the evidence of the nonmoving party is to be believed and must be viewed "in the light most favorable to the nonmoving party," and "all justifiable inferences" must be drawn in that party's favor. E.g., Anderson, 477 U.S. at 255; Fresno Motors, 771 F.3d at 1125. Summary judgment is inappropriate if conflicting ultimate inferences may reasonably be drawn from the undisputed facts. Fresno Motors, 771 F.3d at 1125.

///
///
///
///

6

# IV. DISCUSSION

Plaintiff argues that Defendants violated the Eighth and Fourteenth Amendments to the United States Constitution when they denied his requests for improved cell conditions. ECF Nos. 10 at 5–10; 56 at 7–10. Because Plaintiff was a pretrial detainee, there is an outstanding issue of whether the Eighth or Fourteenth Amendment governs this case. See, e.g., ECF No. 48-1 at 1, 7–10. But the Court need not delve into either Eighth Amendment or Fourteenth Amendment analysis today.[1] Defendants have not established the absence of a genuine dispute of material fact.

Defendants' arguments can be separated into two branches. First, Defendants argue that they did not act unconstitutionally because Plaintiff refused medical care despite their attempts to provide it. ECF No. 48-1 at 5–12. According to Defendants, Plaintiff could have been released from the cell had he cooperated and allowed Defendants to assess his condition. See id. at 5, 9–10, 12. Because he did not, Defendants were not deliberately indifferent under either the Eighth or Fourteenth Amendment. See id. at 5–12. Second, Defendants assert that summary judgment is appropriate because Plaintiff admits that they, as medical staff, had no control over policies related to the safety cell, which falls under the jurisdiction of GCJ custodial staff. Id. at 5, 7, 12. Read together, Defendants' argument is apparently that, because they had no responsibility for policy governing the safety cell, the only constitutional hook on which they could be liable is medical care. See id. at 5–12; ECF No. 57 at 1–5. And because Plaintiff refused care, they are not liable. See ECF Nos. 48-1 at 5–12; 57 at 1–5.

**A. Medical Staff Versus Custodial Staff:**

The issue of Defendants' control over the conditions of the safety cell largely underpins their motion. The Court thus first addresses Defendants' contention that Plaintiff admits that they had no responsibility for policies governing the conditions of the cell.

---

[1] The Court acknowledges that, generally speaking, because Plaintiff was apparently a pretrial detainee not convicted of a crime while he was in GCJ, the Eighth Amendment does not govern his claims. See, e.g., Kingsley v. Hendrickson, 576 U.S. 389, 397–401 (2015); Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Castro v. County of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, the Fourteenth Amendment controls. See, e.g., Vazquez v. County of Kern, 949 F.3d 1153, 1163–64 (9th Cir. 2020); Castro, 833 F.3d at 1067–68; Eastman v. Tuolumne Cty. Jail, No. 1:20-cv-1303-NONE-BAM, 2021 WL 535064, at *4 (E.D. Cal. Feb. 12, 2021); see also Gordon v. County of Orange, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

Defendants repeatedly argue that Plaintiff concedes—and in fact affirmatively pleads—that they had no control over safety cell policies. ECF Nos. 48-1 at 2, 5, 7, 12; 55 at 1–2; 57 at 1–2, 4–5. They generally rely on Plaintiff's assertion in his complaint that Lieutenant Bouldin is liable for the alleged constitutional violations because he is responsible for GCJ's policies. See, e.g., ECF No. 48-1 at 2, 5, 7, 12; 55 at 1–2; 57 at 1–2, 4; see also ECF No. 10 at 7, 10. Namely, GCJ's policies that inhibited Plaintiff's access to better hygiene conditions while in the safety cell. See, e.g., ECF No. 48-1 at 5, 7, 12.; 55 at 1–2; 57 at 1–2, 4; see also ECF No. 10 at 7, 10.

Defendants' reliance is misplaced. Plaintiff only ever contends that Bouldin is responsible for the claimed Eighth and Fourteenth Amendment deprivations because he is responsible for GCJ's rules and operation. ECF No. 10 at 7, 10. Not once does Plaintiff concede that Defendants are not responsible for custodial policy. See id. Nor does he ever admit that only custodial staff is responsible for the safety cell's conditions. See id. Although Bouldin himself is apparently a custodial officer, Plaintiff's contention that Bouldin is constitutionally liable because he bears ultimate responsibility for GCJ's custodial policies is not an admission that other Defendants bear no responsibility. To say that one custodial staff member has responsibility for unconstitutional policies is a far cry from admitting that *only* custodial staff is responsible for those policies. Defendants' reading of Plaintiff's complaint is neither accurate nor reasonable.[2]

The only other support that Defendants offer for their position is Defendant Hickerson's declaration, which he verified under penalty of perjury. ECF No. 48-3, Hickerson Decl. at 2:4–9, 6. Hickerson declares that "medical staff is not involved in the creation or implementation of custodial policies and procedures concerning the operation of the jail or the condition of the

---

[2] The Court also notes that, in their first reply to Plaintiff's initial declarations opposing summary judgment (ECF Nos. 52, 54), Defendants do not even cite Plaintiff's operative complaint when discussing responsibility for GCJ's custodial policy. ECF No. 55 at 1–2. Defendants rely on Plaintiff's original complaint (ECF No. 1). Id. Although the allegation is the same—that Lieutenant Bouldin is liable because of the responsibility he bears for GCJ policy—Defendants nevertheless rely on an inoperative, superseded pleading. See id.; ECF No. 10 at 7, 10.

Defendants also imply (again, citing an inoperative complaint) that Plaintiff's allegations that Melgarejo, a custodial sergeant, advised Plaintiff that his requests were "against policy" is a concession that Defendants have no responsibility for the custodial conditions of safety cells. See ECF No. 55 at 1–2. The argument is intuitively untrue and logically unsound. Plaintiff ostensibly made requests of all Defendants, medical and custodial alike. Just because Plaintiff alleges that Melgarejo declined to help and informed Plaintiff that his requests violated some policy does not mean Plaintiff concedes Defendants had *no* control or influence over the conditions in which GCJ kept him.

safety cell." Id. at 2:7–9. Hickerson also restates the history of Plaintiff's grievances. Id. at 2–5. For example, he states that Plaintiff's initial grievance did not go to medical staff. Id. at 2:25–26.

So far as the Court can tell, however, Defendants never cite or rely on Hickerson's specific declaration of non-responsibility. See generally ECF No. 48-1; see also ECF Nos. 55, 57. Defendants appear to uniformly rely on Plaintiff's supposed admission. See generally ECF No. 48-1; see also ECF Nos. 55, 57. Although the Court recognizes that Hickerson's declaration is meant to support their motion, the Court's role is not to make up or develop Defendants' arguments in support of summary judgment. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003); see also Fed. R. Civ. P. 56(c)(3); Mitchell v. Davey, No. 1:16-cv-01148-DAD-EPG (PC), 2020 WL 2538377, at *4 (E.D. Cal. May 19, 2020). In the vivid words of the United States Court of Appeals for the Ninth Circuit, borrowing from the Seventh Circuit, "[j]udges are not like pigs, hunting for truffles buried in briefs." Washington, 350 F.3d at 929. The apparent expectation that the Court would sift through Defendants' evidence to manufacture arguments beyond those clearly pled is one that the Court will not countenance. See Mitchell, 2020 WL 2538377, at *4.

In any event, Plaintiff's own verified submissions contradict Hickerson's statement. See ECF Nos. 10 at 5–10; 56 at 4–10. Plaintiff does not directly contend that Defendants had direct control over the safety cell or were responsible for the promulgation of GCJ's custodial policies. See ECF No. 56. As the nonmoving party, though, Plaintiff's evidence is to be believed and the Court must draw justifiable inferences in his favor. Anderson, 477 U.S. at 255. He obviously asserts that he requested that medical staff help him, and they declined to do so. ECF Nos. 10 at 5–10; 56 at 4, 6, 9–10. Thus, at least to the extent that Plaintiff's filings contend that Defendants bear some culpability for inhumane conditions of the safety cell, the evidence before the Court conflicts. Even if that were not facially conspicuous from Plaintiff's submissions, that conclusion is especially apparent in the light of the Ninth Circuit's express directive that, in cases involve pro se inmates, courts must liberally construe inmates' filings and avoid strict application of summary judgment rules. See, e.g., Thomas, 611 F.3d at 1150. Taking Plaintiff's pro se filings liberally, there is sufficient allegation of responsibility to create a dispute.

///

Plaintiff's sworn submissions include statements of fact based on personal knowledge. So does Hickerson's declaration. The Court properly considers both parties' admissible statements. E.g., Thomas v. Kuo, No. 1:16-cv-00524-DAD-EPG (PC), 2019 WL 2369898, at *2, 4, 10–13 (E.D. Cal. June 5, 2019). But absent the admission from Plaintiff on which Defendants rely, Defendants have, at best, established a "he said/she said" scenario inappropriate for resolution on summary judgment. See, e.g., Orr v. Hernandez, No. CV–08–0472–JLQ, 2011 WL 4458776, *10 (E.D. Cal. Sept. 23, 2011); see also Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 726 (2d Cir. 2010); Duran v. City of Porterville, No. 1:13–cv–00370–BAM, 2015 WL 3794930, at *6–7 (E.D. Cal. June 17, 2015). The scenario here is, by nature, a genuine dispute.

It is not for the Court to weigh evidence at the summary judgment stage. Anderson, 477 U.S. at 249–50, 255; Manley, 847 F.3d at 711. Determining witness credibility and assessing the weight of evidence are a jury's functions, not the Court's. Anderson, 477 U.S. at 249–50, 255; Manley, 847 F.3d at 711. But that is precisely what the Court would have to do here in order to resolve the parties' conflicting accounts. The Court declines to do so.

Even if the Court were to conclude that Defendants have established the absence of a genuine dispute over control of GCJ's custodial policies, that conclusion alone would not necessarily eliminate all triable issues of liability for the conditions complained of by Plaintiff. A finding that Defendants are not directly responsible for safety cell policies does not obviate a lack of *all* constitutional responsibility. Plaintiff alleges a conditions of confinement claim, which under the Fourteenth Amendment requires proving four elements under an objective deliberate indifference standard. See Gordon, 888 F.3d at 1124–25; Castro, 833 F.3d at 1068–71; see also, e.g., Williams v. Dirkse, No. 1:21-cv-00047-BAM (PC), 2021 WL 2227636, at *7 (E.D. Cal. June 2, 2021). A plaintiff must show that: (i) a defendant made an intentional decision regarding the conditions under which the plaintiff was held; (ii) the conditions created substantial risk of serious harm to the plaintiff; (iii) the defendant did not take reasonable available measures to mitigate the risk of harm, even though a reasonable official under like circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's conduct obvious; and (iv) by not taking available measures, the defendant caused the plaintiff's injuries. Gordon, 888

F.3d at 1125; Castro, 833 F.3d at 1070–71. Within that framework, if Plaintiff were to present sufficient evidence to satisfy each element, he could conceivably establish avenues of liability other than specific responsibility for GCJ's custodial policies.

The important determination here, though, is that Defendants have not established the absence of a genuine dispute of material fact concerning a lack of responsibility for conditions of the safety cell. Plaintiff has not admitted that Defendants lacked control over the subject conditions. The parties' submissions stand opposed. A genuine dispute for trial over a material fact of responsibility remains live. The undersigned United States Magistrate Judge accordingly recommends that summary judgment be denied as to Defendants' custodial policy argument.

**B. Medical Care and Conditions of Confinement:**

Defendants' argument that they are entitled to summary judgment because Plaintiff refused medical care is to no avail. Plaintiff's refusal of treatment is inessential to his claims.

As noted, Defendants devote substantial space to discussion of Plaintiff's rejections of medical and mental health intervention. See, e.g., ECF Nos. 48-1 at 3–12. Defendants conclude that because Plaintiff himself refused care, they did not unconstitutionally disregard Plaintiff's medical needs. See, e.g., ECF Nos. 48-1 at 5–10, 12. On opposition, Plaintiff *admits* that he refused care. ECF No. 56 at 2–4. Plaintiff also admits that he filed various grievances, that some of the grievances were not forwarded to medical staff, and that GCJ officials (in their responses to grievances) admonished him to cooperate with medical staff. Id. at 2–3. Plaintiff concedes that his admissions render the discrete facts surrounding his medical care undisputed. Id. at 4.

Plaintiff, however, goes on to argue that even accounting for his admissions, Defendants have not provided a basis for summary judgment. Id. at 4–6. The absence, Plaintiff says, of a dispute regarding medical or mental health care is meaningless. Id. He does not bring constitutional claims regarding healthcare. Id. Rather, he challenges the circumstances of his confinement; specifically, the denials of his requests for humane and hygienic conditions. Id. Plaintiff points out that Defendants' motion does not relate to his allegations, much less prove as undisputed that Defendants provided Plaintiff with the conditions he requested, such as a mattress and deodorant, as well as the ability to brush his teeth, wash his hands, and take a shower. Id.

Apparently realizing their omissions, Defendants come back on reply and largely just rehash argument on responsibility for the safety cell. ECF No. 57 at 2, 4; see ECF No. 55 at 1–3. Defendants again contend that Plaintiff affirmatively pleads that Defendants, as medical staff, have no responsibility for custodial policies. ECF No. 57 at 1–2, 4–5; see ECF No. 55 at 1–3. They continue to rely on Plaintiff's claims against Bouldin and argue that Plaintiff made the "direct accusation" that custodial staff controls custody policy.[3] ECF No. 57 at 1–2; see ECF No. 55 at 1–3. They again recite the history of Plaintiff's grievances and rejection of care. ECF No. 57 at 2–4. Defendants also repeat that they are not liable for medical claims because Plaintiff would not allow them to care for him. Id. at 5. Had Plaintiff done so, Defendants once more imply, he could have secured his release from the safety cell. See id.

Plaintiff's arguments are compelling. Defendants' arguments are not. Defendants do not substantively address Plaintiff's point that he does not bring medical claims. The Court has already found that Defendants have failed to establish the absence of a genuine dispute over responsibility for safety cell policies. Even if Defendants mean to argue that, as medical staff, they can only be liable for deficient medical care, that is not the kind of claim Plaintiff alleges. It is irrelevant that the parties do not dispute Plaintiff's rejection of Defendants' medical help. That agreement has no bearing on the conditions of the safety cell that Plaintiff complains of. See ECF No. 56 at 2–7. It is beyond dispute that Defendants must initially establish that there is no genuine dispute over *material* fact in order to achieve summary judgment. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 323; Fresno Motors, 771 F.3d at 1125. Because Plaintiff's rejections of medical care have no bearing on the outcome of this case, those facts are immaterial. See Anderson, 477 U.S. at 248; Fresno Motors, 771 F.3d at 1125. The undersigned United States Magistrate Judge consequently recommends denying summary judgment on that issue.

---

[3] Defendants cite Hickerson's declaration to argue that Plaintiff directly stated that it was custodial staff that controlled the safety cell conditions. ECF No. 57 at 2 (citing ECF No. 48-3, Hickerson Decl. at 2:17–3:7). They cite portions of Hickerson's declaration that discuss Plaintiff's submission of grievances that presumably went to custodial staff because they did not concern medical care. Id. Plaintiff submission of grievances that GCJ diverted to custodial staff, even if based on the custodial nature of the grievances, is *not* the same thing as making a "direct accusation" that only custodial staff operated the safety cell.

## V. CONCLUSION

Considering the foregoing, the undersigned United States Magistrate Judge recommends that Defendants' motion for summary judgment (ECF No. 48) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE